UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

HUMBERTO RAMOS,

        Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

        Defendant.
_____/

## VERIFIED COMPLAINT

COMES NOW, Plaintiff, HUMBERTO RAMOS ("MR. RAMOS"), by and through undersigned counsel, and sues Defendant, OCWEN LOAN SERVICING, LLC ("OCWEN"), and as grounds for same alleges as follows:

### INTRODUCTION

1. This action is brought by a consumer for Defendant's the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").

### JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k. Venue in this District is proper because this is the county where the parties reside and/or conduct business, where the cause of action accrued, and/or where the property and/or collateral that is the subject of this action is located.

### PARTIES

3. At all times relevant to this Complaint, Defendant, OCWEN, was and is a foreign limited liability company, organized under the laws of the State of Delaware, and has its principal place of business in West Palm Beach, Florida.

_____
**Phillip A. Ortiz, P.A.**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ **ph** 954.745.9795 ▪ **fax** 954.745.9795
www.philliportizlaw.com

4. At all times material hereto, OCWEN is and was a loan servicer that services the mortgage loan secured on Plaintiff's real property located at 18221 N.W. 86 Avenue, Hialeah, FL 33015.

5. At all times relevant to this Complaint, Plaintiff, MR. RAMOS, was and is a natural person, and/or a person with standing to bring a claim under the above-referenced statute by virtue of being directly affected by violations of the Act.

## BACKGROUND AND GENERAL ALLEGATIONS

6. On or about November 26, 2003, Plaintiff, MR. RAMOS, executed a Promissory Note in favor of Accredited Home Lenders, Inc., in the amount of $49,980.00.

7. To secure the money lent, MR. RAMOS executed a mortgage on the property.

8. OCWN refers to the subject loan as Loan Number 0033195116.

## COUNT I
## VIOLATION OF THE TCPA, 47 U.S.C. §227 (b)(1)(A)(iii)

9. Plaintiff re-alleges and re-incorporates Paragraphs 1 through 8.

10. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

11. Upon information and belief, Defendant, OCWEN, by and through its agents, representatives, and/or employees acting within the scope of their authority, attempted to collect a debt from Plaintiff by using an automatic telephone dialing system to place numerous telephone calls to MR. RAMOS' cellular telephone, 954-670-3558.

_____
**Phillip A. Ortiz, P.A.**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ **ph** 954.745.9795 ▪ **fax** 954.745.9795
**www.philliportizlaw.com**

12. Upon answering any of these calls, MR. RAMOS was greeted by an automated, machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect Plaintiff to a live telephone employee.

13. Furthermore, these calls were made with such frequency that it would be virtually impossible for them to be made without using an automated dialing system.

14. MR. RAMOS is the sole owner, possessor, subscriber, and user of the cellular telephone, 954-670-3558, that Defendant was calling.

15. These calls originated from various numbers including, but not limited to: 1-800-746-2936.

16. On numerous occasions, Plaintiff verbally revoked any previously given consent, if any, for Defendant to place telephone calls to his cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls. *See Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014). Even oral instruction to cease calls effectively revokes any prior consent the caller may have had. *See Osorio v. State Fam Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

17. Plaintiff was damaged by these illegal calls. His privacy was improperly invaded, and he was forced to spend time tending to unwanted calls. Additionally, the calls diminished the battery life in Plaintiff's cellular telephone, and wasted the data storage capacity in Plaintiff's cellular telephone.

18. None of Defendant's telephone calls placed to MR. RAMOS was for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

_____
**Phillip A. Ortiz, P.A.**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ **ph** 954.745.9795 ▪ **fax** 954.745.9795
www.philliportizlaw.com

19.     Upon information and belief, Defendant knew its collection techniques were in violation of the TCPA, yet still continued to use them willfully or knowingly therefore violating the TCPA.

20.     According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls is a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

21.     Upon information and belief, Defendant's method of contacting MR. RAMOS was by utilizing a system that dials numbers without any human intervention in the calling process, which the FCC has stated is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). *See In the Matter of Rules & Regulations Implementing The Telephone Consumer protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

22.     In sum, Defendant made telephone calls to Plaintiff's cellular telephone, which was either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and was made without the prior consent of Mr. Iglesias.

23.     Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that Mr. Lopez provided express consent within the meaning of the statue. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶10).

4

_____
**Phillip A. Ortiz, P.A.**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ **ph** 954.745.9795 ▪ **fax** 954.745.9795
**www.philliportizlaw.com**

24. As a result of Defendant's violations of 47 U.S.C. §227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. §227(b)(3)(a).

WHEREFORE, Plaintiff, HUMBERTO RAMOS, respectfully requests this Honorable Court enter judgment against OCWEN for statutory damages of $1,500.00 for each and every violation, an order be entered enjoining OCWEN from calling Plaintiff's cellular telephone by use of an automatic dialing system, and any further relief this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff, HUMBERTO RAMOS, hereby demands a trial by jury.

### VERIFICATION

I, HUMBERTO RAMOS, *sui juris*, having read the foregoing, hereby verify, under penalty of perjury, that the above statement of facts are true and correct.

_____
HUMBERTO RAMOS

STATE OF FLORIDA         )
COUNTY OF MIAMI-DADE     )

Sworn to and subscribed before me as this 13 day of June, 2016, by HUMBERTO RAMOS who deposes that it has read the foregoing Complaint and that the same is true and correct and is personally known to me ( ) or has produce Drivers License as identification.

Signature of Notary Public
(Seal)

PHILLIP ANDREW ORTIZ
MY COMMISSION #FF045376
EXPIRES August 13. 2017
(407) 398-0153   FloridaNotaryService.com

_____
Printed name of Notary Public

Phillip A. Ortiz, P.A.
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ ph 954.745.9795 ▪ fax 954.745.9795
www.philliportizlaw.com

        Respectfully submitted:

**PHILLIP A. ORTIZ, P.A.**
*Counsel for Plaintiff*
6625 Miami Lakes Drive
Suite 316
Miami Lakes, FL 33014
Telephone: 954-745-9795
Facsimile: 954-745-9795
Email: Phillip@ philliportizlaw.com

By:  */s/ Phillip A. Ortiz*
PHILLIP A. ORTIZ, ESQ.
FBN 98049

6

_____
**Phillip A. Ortiz, P.A.**
6625 Miami Lakes Drive, Suite 316, Miami Lakes, FL 33014 ▪ **ph** 954.745.9795 ▪ **fax** 954.745.9795
**www.philliportizlaw.com**